## W. H. HAMES v. THE STATE.

### No. 2674. Decided June 24, 1904.

**1.—Evidence—Harmless Error.**

Where the property was alleged to be in the wife and the proof showed that it was her separate property, it is not reversible error to prove want of consent of the husband, although a conviction could not be had without showing want of consent of the wife.

**2.—Indictment—Ownership.**

Where the property is the separate property of the wife, ownership may be alleged in her or in her husband.

**3.—Evidence—Community Property—Proof.**

Where the deed is in the name of the wife the presumption is that it is community property, but the State may show that it is in fact her separate property.

**4.—Same—Right of Way—Easement.**

Where the owner of land holds subject to a deed granting to a railway company a right of way and such additional land as might be necessary to maintain its roadbed, it was error not to admit such deed in evidence when offered, and to submit an appropriate charge thereon, in a prosecution against a foreman of said railway company for unlawfully injuring the fence of said owner, the defense being that it was necessary to cut the fence to repair the railroad.

Appeal from the County Court of Bosque. Tried below before Hon. B. J. Word.

Appeal from a conviction of unlawfully injuring and breaking the fence of another, a fine of $10.

The opinion states the case.

*A. M. Monteith* and *H. S. Dillard,* for appellant.—This article of the code has no reference to the title of lands, but the allegation of the information and the proof must be confined to the possessory right, and under the statute of this State "during marriage the husband shall have the sole management of all such property," meaning the wife's separate property. Daly v. State, 48 S. W. Rep., 515; Batt's Civ. Stats., art. 2967.

A deed to the wife is but a deed to the community, and is not even prima facie evidence of her separate estate, and when she makes a purchase with community funds would not vest in her a separate estate. Finn v. Williamson, 75 Texas, 336; Tucker v. Carr, 39 Texas, 98; Higgins v. Johnson, 20 Texas, 389; 31 S. W. Rep., 1100.

A deed of land to a railway company for the location of its road is presumed to include a license to do whatever is necessary in the construction, maintenance, improvement and management of its road, to the same extent, and with the same effect, as if the land had been condemned, and it is therefore construed to release any claim for damage to other lands whenever necessity requires the same. G. C. & S. F. Ry. Co. v. Richards, 18 S. W. Rep., 611; I. & G. N. Ry. Co. v. Bost, 2 Texas C. C. A. (Willson), 334; I. & G. N. Ry. Co. v. Pope, 62 Texas, 313; H. E. & W. T. Ry. Co. v. Adams, 58 Texas, 476; 55 Texas, 176.

*Howard Martin,* Assistant Attorney-General, for the State.—Carter v. State, 18 Texas Crim. App., 573; Behrens v. State, 14 Texas Crim. App., 121; Arbuthnot v. State, 34 S. W. Rep., 269.

BROOKS, JUDGE.—Appellant was section foreman of the Gulf, Colorado & Santa Fe Railway Company, having under his charge a lot of men working on the track of said road where it crosses the Brazos River. In order to place the engine used by appellant and his gang of workmen, they tore down the fence of the alleged owner and placed said engine on the inside of her inclosure. This engine was used for the purpose of running or handling a pile-driver. The property is alleged to be in the possession of E. A. Frazier, who is shown to be the wife of J. C. Frazier. During the trial the husband was permitted to testify to his nonconsent. Objection was urged, because the allegation put the possession of the property in E. A. Frazier. This is not reversible error. Of course, the State would be compelled to prove the want of consent on the part of E. A. Frazier, and was not required to prove the want of consent of J. C. Frazier; yet the fact that the State

did prove his want of consent would not vitiate the conviction. It would really make no difference under this allegation that J. C. Frazier did not give his consent; it would not affect the question. If he had testified to his consent, it might have raised a question in favor of appellant; but it could not change or affect the fact that E. A. Frazier did not give her consent.

It is urgently insisted this conviction should be set aside because the ownership or possession was alleged in E. A. Frazier, instead of J. C. Frazier, the husband. Our statute provides that where the property is the separate property of a married woman, the ownership may be alleged in her or in her husband. Art. 445, Code Crim. Proc. Either would be sufficient. Lucas v. State, 36 Texas Crim. Rep., 397.

Appellant contends the property contained in the deed to the wife is community property. Concede this is ordinarily correct, yet this state of case may be met by the fact, and the property shown to be the wife's separate property, as was done on the trial of this case.

Appellant justifies his action in this matter under a deed given by C. W. Robertson and Margaret Robertson to the Gulf, Colorado & Santa Fe, under the following clause: "We hereby grant, sell and convey to said company, its successors and assigns forever, a right of way one hundred feet wide through and over said parts of said land as may be deemed by said company most convenient, with the right to use such additional land as may be necessary for the construction and maintenance of its roadbed, slopes, bermes, ditches and barrow pits, and with full and perfect right to locate, construct, repair and forever maintain and use its said road over the above described land and take and use water and stone therefrom." This land was subsequently transferred to J. C. Frazier, but under a sale at the hands of a receiver in bankruptcy passed to E. A. Frazier. The evidence is uncontroverted that the Gulf, Colorado & Santa Fe Company run a line of fence along its right of way fifty feet from the center of the roadbed; that beyond this fence, about twenty feet, the Fraziers set their fence around the Frazier property; that the space between these two fences was used as a public road, by authority of the commissioners court. It was a road of the third class. How long this fence had been erected, or how long this road had been used as a public road is left in doubt. But it is very clear that the Frazier property had been inclosed for a number of years. The railroad authorities for whom appellant was working, and appellant himself, contended that it was necessary for them to place the engine used in working their pile-driver inside the inclosed premises of Mrs. Frazier, and justify his act in cutting the fence under this state of case. Under the above state of facts we believe the court erred in excluding the deed from the consideration of the jury, since the evidence showed that the defendant did not violate either the letter or spirit of said deed in entering the premises for the

purpose of repairing the track of the railroad. By the terms of the deed, defendant, being an employe and agent of said company, had the right to enter the premises for the purpose of repairing the railroad. As to whether any injury was done to prosecutor's premises by reason of his entry is a civil question, and not a penal one; but we hold that under the terms and conditions of this deed that the agent of the railroad company had the right to enter the premises for the purpose of repairing the roadbed and track. It follows that the court erred in not so charging the jury and in excluding the deed from the consideration of the jury. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*