MRS. SARAH LUCAS ET AL. V. THE STATE.

*No. 1424.  Decided October 28th, 1896.*

**Dogging Stock Where Fence is Insufficient—Allegation of Ownership of Premises—Married Woman.**

An information is invalid against a married woman, under Art. 799, Penal Code, for dogging stock in premises where the fence is insufficient, which alleges the ownership of the premises to be in such married woman, unless it further alleges the property to be *her* separate property. And such an information is not sustained, where it is shown not only that the husband and wife were living together, but that the enclosed premises were in fact the separate property of the husband. The indictment should have alleged ownership of the premises in the husband.

APPEAL from the County Court of Shelby. Tried below before Hon. DRURY FIELD, County Judge.

Appeal from a conviction for dogging hogs in cleared and cultivated land surrounded with an insufficient fence; penalty, a fine of $10 against each defendant.

The information was a joint one against Mrs. Sarah Lucas and Will Taylor, and it alleged the ownership of the premises to be in the defendant, Mrs. Lucas.

The opinion states the case.

*R. S. Bryarly* and *Brewer & Stephenson,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

HENDERSON, JUDGE.—Mrs. Sarah Lucas and Will Taylor were convicted of a misdemeanor, and prosecute this appeal. The information in this case is joint against said appellants, and charges them, under Art. 799, Penal Code, 1895, as follows: "That Sarah Lucas was the owner, proprietor, lessee and person in charge of certain cleared and cultivated land, surrounded with an insufficient fence; and the said Sarah Lucas and Will Taylor, acting together, did then and there, unlawfully and wilfully, with sticks, clubs, pine knots, and dogs, maim, wound and kill certain hogs of E. W. Anthony, then and there within said enclosure, and did then and there, unlawfully and wilfully, cause the said hogs to be maimed, wounded, and killed by the means," etc. The evidence in the case shows that Mrs. Lucas had a husband, to-wit: D. C. Lucas, and that they were living together at the time. There is some testimony in the case showing that Mrs. Lucas did the active work on the farm, her husband being an invalid and a cripple, and unable to do the work of the farm. There is also some evidence from one of the witnesses that she was the manager of and controlled the inclosure where the hogs were alleged to have been killed. Lucas himself testified that his wife only acted with reference to the farm as directed; and the evidence shows without controversy that the inclosure in question was the separate property of D. C. Lucas, the husband. The court charged; "If Mrs. Lucas managed, cultivated and controlled the in-

closure, that she was to be regarded as the owner, proprietor, lessee or other person in charge," etc. This charge was excepted to, and the question is brought before us for review. As to an allegation of ownership, it is a general rule that where one person owns the property, and another has the possession, charge or control of the same, the ownership thereof may be alleged to be in either. Where property is owned in common or jointly by two or more persons, the ownership may be alleged in all or either of them. Where it is the separate property of a married woman, the ownership may be alleged to be in her or in her husband, etc. See, Code Crim. Proc., 1895, Art. 445. While this is the general rule, it is not so as between husband and wife, except in the contingency pointed out in the statute itself. The law constitutes the husband the head of the family, and even as to the wife's real estate he is, in law, the controller and manager of the same, and the usufruct of the farm is the property of the community. In the present case the proof shows not only that the husband was living with the wife, but that the farm in question, where the hogs were alleged to have been killed, was his separate property. Under such conditions, the indictment in this case cannot be sustained. The inclosed land should have been alleged to be the property of D. C. Lucas. The judgment is reversed, and the case remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.