Zack Jones v. The State.

No. 2726.     Decided April 13, 1904.

**1.—Charge of the Court—Ownership—Variance.**

Where the indictment alleged ownership of the house burglarized and the property intended to be taken in the wife, and the proof showed that she and her husband occupied the particular locus in quo as a sleeping apartment, and that it was part of a house used by them as a grocery store and a home, and the same appeared to be community property, it was error to charge that in law the home of persons married and living together is deemed to be in the control of either, and that an allegation that it is occupied and controlled by the wife is sufficient.

**2.—Same—Burglary in Daytime and at Night.**

Where the evidence showed a night-time burglary of a private residence, it was fatal error to submit a daytime burglary, as they are different offenses subject to different punishment, although the indictment alleged both a daytime and night burglary of a private residence.

Appeal from the District Court of Galveston. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. H. & Alice S. Tiernan* and *John Grothgar,* for appellant.—The court erred in its charge to the jury in giving the following paragraph of its charge, to wit: "In law the home of persons married and living together is deemed to be in the control of either, and an allegation that it is occupied and controlled by the wife is sufficient." The law being that when a house occupied by a man, his wife and children, is burglarized, the indictment must allege occupation and control of said

house by the husband, and it is fatally defective to allege the occupancy of such house in the wife. The indictment alleges A. Bernadoni to be the occupant and in control of the house in question. The proof is that the wife's name is A. Bernadoni, and her husband's name is Reale A. Bernadoni. Lucas v. State, 36 Texas Crim. Rep., 397; 3 Enc. of Pl. and Pr., p. 769; Jackson v. State, 15 So. Rep., 344 (Alabama case); Morgan v. State, 63 Ga., 307.

The indictment has two counts, one charging burglary of a private residence at night, the other charging burglary of a private residence during the daytime. The charge of the court instructs the jury with reference to both counts, giving the law as to nighttime burglary of a private residence, and to daytime burglary. The statement of facts, by the testimony of both State and defendant, shows that the burglary was committed during the night. Boren v. State, 23 Texas Crim. App., 28; Parks v. State, 29 Texas Crim. App., 597; Carr v. State, 36 Texas Crim. Rep., 3; Dill v. State, 33 S. W. Rep., 126; Southern v. State, 29 S. W. Rep., 780; art. 433, Code Crim. Proc.; Mullen v. State, 28 Texas Crim. App., 445; Neiderluck v. State, 23 Texas Crim. App., 38; Melton v. State, 24 Texas Crim. App., 287; Ford v. State, 53 S. W. Rep., 846.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years.

The indictment alleges that the house burglarized was the property of A. Bernadoni and that the property therein intended to be taken was that of A. Bernadoni. The proof showed that Reale A. Bernadoni was the husband of A. Bernadoni; and that the house was a grocery store, with sleeping apartments connected; that the particular locus in quo was the sleeping apartment where Bernadoni and his wife slept. It appears the issue was made on the trial that there was a variance as to the ownership of the property between the indictment and proof. The court in order to settle this controversy instructed the jury to the effect: "In law the home of persons married and living together is deemed to be in the control of either, and an allegation that it is occupied and controlled by the wife is sufficient." We do not understand this to be the rule of law. The only contingency pointed out by our statute with reference to ownership in a married woman is in article 445, Code Criminal Procedure, which provides: "Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband." There is also a provision with reference to joint ownership of property in the same article, which provides, where the property is owned in common or jointly by two or more persons, the ownership may be alleged in all, or either of them. But this has no application to the community property of husband and wife. Under the law in such case, he has the control and management of said prop-

erty, and is to all intents and purposes the owner; the wife having a community interest subject to his absolute control and management. Except in the contingency pointed out above with reference to an allegation of ownership in a married woman, we know of no rule which would authorize the ownership of property to be charged in her, except where the husband may have abandoned her. Ware v. State, 2 Texas Crim. App., 547. We hold there was a variance between the indictment and the evidence and that the charge of the court on this subject was erroneous. See Lucas v. State, 36 Texas Crim. Rep., 397; 3 Enc. of Pl. and Prac., p. 769, and authorities there cited.

Appellant also questions the action of the court in regard to the allegation and proof as to a daytime and night-time burglary. The indictment contains two counts, one of which charged a daytime burglary, and the other a night-time burglary; both counts charging burglary of a private residence. The proof shows, without controversy, a night-time burglary of a private residence. The court submitted only a daytime burglary, and the jury found a punishment of two years in the penitentiary, this punishment being only applicable to a daytime burglary. The statute makes a night-time burglary of a private residence a separate and distinct offense, subject to a different punishment from that of a daytime burglary. Amended act of Leg. of 1899, p. 318; White's Ann. P. C., art. 839a; Williams v. State, 2 Texas Ct. Rep., 359; Brown v. State, 64 S. W. Rep., 1056; 3 Texas Ct. Rep., 227. Consequently the court was in error, after the admission of the evidence, in submitting a daytime burglary at all, as the proof would not sustain this offense.

For the errors discussed, the judgment is reversed and the cause remanded.                                                    *Reversed and remanded.*