## PAT MILES v. THE STATE.

### No. 3443. Decided June 12, 1907.

**Theft—Indictment—Community Property—Husband and Wife.**

Where upon trial for theft of money, the evidence showed that the wife in whom the indictment alleged the ownership had the exclusive control, management and actual possession of the money at the time it was taken, the allegation of possession and ownership in her was correct, and there was no error.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Muse & Allen,* for appellant.—An indictment for the theft of community property should allege the ownership to be in the husband. If the indictment alleges the ownership to be in the wife and the proof shows the stolen articles to belong to the community a conviction cannot be sustained. 3 Ency. pl. & prac. p. 760. Merriweather v. State, 33 Texas, 790; Mrs. Sarah Lucas et al v. State, 36 Texas Crim. Rep., 397. American Criminal Law (Wharton) p. 568.

*F. J. McCord,* Assistant Attorney-General, for the State.—Black v. State, 31 Texas, 560; Hanson v. State, 27 Texas Crim. App., 140.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years in the penitentiary.

The indictment charges the theft to have been committed from the wife. The contention is that the ownership should have been alleged in the husband. The facts show that George Schmucker was in business in Dallas, having a store; that the night previous to the theft he carried some money to his residence, which is in a different part of the city, and placed the pocketbook with the money in it, under a mattress. This seems to have been his custom. Leaving home the following morning for the store, he forgot and left the money at his home; after reaching the store he phoned his wife to bring the money to him at his store. Her trip to town was delayed some hours on account of rainy weather, but in the evening she drove down to one of the stores; not that of her husband, and upon reaching the store, appellant, who was employed by the mercantile firm where she stopped to do some shopping, took her horse and hitched him. This seems to have been within the line of his duties for his employers. Mrs. Schmucker forgot the pocketbook and left it in the buggy under the cushion. On account of a little shower of rain she directed appellant to arrange the cushion so that it would be protected from the rain, and left the buggy, walking down the sidewalk. After being absent from the buggy sometime, the fact that she left the money occurred to her; returning to the buggy she failed to find it; it had disappeared. Under these circumstances it is contended by appellant that the ownership should have been alleged in the husband, and not in the wife. Authorities are cited in support of this proposition. We are of opinion that under the facts of this case the ownership was properly alleged. The first case cited is Merriweather v. State, 33 Texas, 790. In that case the Supreme Court laid down the proposition that, "the community property of the husband and wife is under the immediate control and management of the husband, and, excepting the homestead, is subject to sale by him only, and is therefore, during the marriage, his to all intents and purposes. An indictment, therefore, for the theft of community property should allege the ownership in the husband, or it will not authorize a conviction. In some of the States it has been decided that an indictment for the theft of the separate property of a married woman may allege the ownership in her; but in Massachusetts, in the case of Commonwealth v. Williams, where the law in relation to the separate property is in some respects similar to our own, the court held a different doctrine, and in the case of the Commonwealth v. Davis it was decided that the property was properly laid in the husband, who had been absent for three years. It has also been held that when the wife had separated from her husband and lived upon an income arising from property invested for her sole use, an indictment charging the theft of that income should allege the ownership in the husband. In the case now before the court the husband and wife were living together in the house where the theft is charged to have been committed, and at the time of the alleged theft the husband was sleeping in the house. We are not aware

of any authority in this State and see no reason in the evidence of this case, for alleging the property stolen as in the possession of or owned by the wife." The court reversed the judgment in the Merriweather case, and we think correctly. The same doctrine was laid down by this court in Jones v. State, 47 Texas Crim. Rep., 126; 80 S. W. Rep., 531. In the Jones case the indictment alleged the possession in the wife instead of the husband, and the facts showed that the house was a grocery store with sleeping apartments connected; that the principal locus in quo was the sleeping apartment of the husband and wife. It was contended in that case that there was a variance. This court sustained that contention, and correctly; but here we have a different state of case. Without reviewing all of the authorities bearing upon this question, or going into an analysis of article 445 of the Code of Criminal Procedure, we are of opinion that under the facts of this case it was not error to allege possession of the property and ownership in the wife. In theft cases the law provides that the test of ownership is the exclusive care, control and management of the property. Under our law the husband and wife, with reference to community property, are treated practically as partners with the control and right of disposition of the property in the husband. This was community property, and had the husband been present, as in the Jones and Merriweather cases, supra, the ownership should have been alleged in the husband, but here they were not together; the wife had possession of the property; it was under her control and management; she had an interest in the property, as far as the value of it is concerned, equal with that of her husband, and we are of opinion that in the absence of her husband, with the exclusive control of the property in her, that it was proper to allege the property in her. This does not in anywise conflict with the authorities, as we understand them, in this State, and the rule laid down with reference to ownership; while there are some expressions that would perhaps tend to lead to a different conclusion, yet a thorough analysis of the cases would not conflict with this proposition. The Lucas case, 36 Texas Crim. Rep., 397, is in harmony with the Merriweather and Jones cases, supra, and not in conflict with the view here expressed. There would be no question of the soundness of this proposition, from any conceivable standpoint, if the property had been taken from the person of the wife, nor would there be any question of her ownership under a charge of robbery. Robbery is but an aggravated form of theft by means of an assault, or violence, or use of firearms; theft from the person is simply a different form of theft, and one in which the property is taken from the person. If the law was such that under no circumstances could community property be in the control of the wife, to the exclusion of the husband's right, as the head of the family, then it occurs to us that in cases of theft from the person, the ownership or possession would have to be alleged in the husband, and so of robbery. The crucial test in regard to theft, generally, as to possession and ownership, is the actual

care, control and possession of the property. In this instance the wife did have the control of it, the possession and care of it, and legally speaking, we are of opinion that the allegation was sufficient alleging such possession and ownership in her.

The only other question argued in the able brief of counsel for appellant is want of sufficient evidence to support the conviction. We deem it unnecessary to review the facts in the case, but think they are ample to show that appellant took the money.

Finding no reversible error in the judgment, it.is affirmed.

*Affirmed.*