## GORARD SMITH v. THE STATE.

### No. 3784.   Decided June 6, 1908.

**1.—Burglary—Evidence—Confessions.**

Where upon trial for burglary the court admitted the declarations or confessions of defendant as to what he did with a certain watch which corresponded with the one taken from the alleged burglarized house, over objection of defendant because said declarations were made while defendant was under arrest, and the record showed that said watch was found and said declarations were true, and the court in his charge to the jury instructed them that they must find said declarations as to the whereabouts of the watch to be true, etc., before they could consider them, there was no error.

**2.—Same—Charge of Court—Separate Property—Want of Consent—Possession.**

Where upon trial for burglary the indictment alleged the ownership and possession and want of consent of the alleged burglarized house, and the property stolen therefrom in the husband, and the evidence showed that the property taken therefrom was a gold watch owned by the wife of the alleged owner, there was no error in the court's charge instructing the jury in accordance with said allegation in the indictment as to possesson and want of consent in the husband. Distinguishing Kaufman v. State, 53 Texas Crim. Rep.; 109 S. W. Rep., 172.

**3.—Same—Charge of Court—Confessions.**

See opinion for charge of court on defendant's confessions and declarations as to the whereabouts of the alleged stolen property, which is held to be correct, and to properly limit and safeguard the rights of the defendant.

**4.—Same—Charge of Court—Punctuation.**

Where upon trial for burglary the court's charge on forcible entry, used faulty punctuation, by using a period instead of a comma, there was no error.

**5.—Same—Sufficiency of the Evidence.**

Where upon trial for burglary the evidence supported the verdict, the conviction was sustained.

Appeal from the District Court of Williamson.   Tried below before the Hon. Victor L. Brooks.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. S. Chessher,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Williamson County charged with burglary. On trial he was convicted and his punishment assessed at confinement in the penitentiary for a period of two years.

1. The evidence shows that Otto Miller lived with his wife and family about two miles west of Corn Hill in Williamson County, and that on Sunday morning, about the 3rd day of March, 1907, with his wife and children he left home and went to church, spending the afternoon with friends and returning home after dark. He testifies that before leaving home he closed and fastened all the doors and windows to the house; that his wife owned a small gold watch, which she usually carried with her whenever she went away from home; that on this Sunday morning she hung the watch on a nail in their bedroom, but forgot to take it with her and its absence was discovered after they had gone some little distance; that immediately after they returned home that night he went and looked upon the wall at the place his wife usually hung the watch and found it gone; that he did not see the watch any more until the constable showed it to him two or three weeks after that Sunday when he fully identified it. It was shown by the testimony of at least two witnesses that on the day in question defendant was seen near the house of Miller and going away from it at a place where there was no road or pathway. It was shown by the testimony of Mrs. Otto Zander that about the time she heard of the loss of the watch in question, appellant handed her a watch at her home and asked her to set it for him; that she took the watch and set it and that while not able to positively identify the watch, she said that the watch appellant handed her was a small watch and looked in general appearance like the one shown her. This watch, when found and recovered, was in the possession of Jim Steiner, a negro living in the community. It appears further that before the watch was found in the possession of Steiner that Mr. Miller and Mr. Stovall, the constable, went to the place of Otto Zander and with him they went to the field and saw appellant. That when they arrived there they asked appellant where the watch was he had a short time before, and appellant replied that he had given it to Jim Steiner at Bartlett. Mr. Stovall asked appellant where he got the watch, and he replid that he got it from a girl in Corn Hill. Appellant at first denied having the watch, but afterwards stated that he did have a watch but gave it to Jim Steiner and then the constable arrested him and took him away. This is a sufficient statement of the case to make the application of what we shall say apparent.

2. It is recited that on the trial, while the witnesses, Zander and Miller, were upon the stand, and testifying as witnesses in the case, the district attorney asked each one of said witnesses to state what, if anything, appellant had said in their presence about where the watch

that appellant had a few days before and had shown to Otto Zander, was. This question and the answer thereto appellant objected to, because it had been shown by the testimony of each of said witnesses that at the time of making said statements the defendant was under arrest and in the custody of W. A. Stovall, the constable, and because it had not been shown that the watch which the defendant had a few days before was the watch belonging to Otto Miller's wife and which had been taken from the house of Miller, and because at that time such testimony was immaterial to any issue in the case; that thereupon the court overruled all the objections of appellant and permitted said witnesses to answer the question and that they each, in answer thereto, testified as follows: The defendant stated to us, including W. A. Stovall, that he gave the watch which he had a few days before to Jim Steiner at Bartlett. The appellant further objected to said testimony, because it had not been shown that any watch which the appellant had given to said Jim Steiner was the watch of Otto Miller's wife, and because it had not been shown by any other evidence that Jim Steiner had received a watch from the defendant. This bill of exceptions was allowed with the following qualification: "The questions stated in the bill were in fact propounded as stated. The objections as stated were made and overruled. The witnesses answered as stated; but the grounds of the objection as stated in the bill were not, in the opinion of the court, true and for this reason, the objections were overruled." As we understand, this was in effect a finding by the court that at the time of the statements, appellant was not under arrest and that the objections in respect to the identity of the watch, did not directly and correctly state the facts. In connection with this matter, the court gave the following charge: "The confessions of a defendant made while he is under arrest cannot lawfully be used against him, even when the defendant makes such confession and same show or tend to show his guilt, unless the defendant in connection with such confessions makes statements of facts or circumstances that are found to be true and that conduce to establish his guilt, such as the finding of stolen property. You are accordingly instructed that if you find from the evidence beyond a reasonable doubt that the defendant made the statements which the State claims that he made in the presence of the witnesses, Miller and Stoval, and that same show or tend to show his guilt of the offense alleged in the indictment, you will nevertheless not consider said statements or any part of same (if there were such) against the defendant for any purpose, unless you further find from the evidence and beyond a reasonable doubt that the defendant in connection with said statements (if there were such) made a statement of facts relating to the whereabouts of the watch which has been introduced in evidence and that said statement (if any) was found to be true and that said statement (if any) conduces in your mind to establish his guilt of the offense of burglary alleged in the indictment." The effect of this charge was to exclude the statements, or confession of appellant, unless, as charged,

they led to the finding of the stolen property, and were true. We think, as presented, there was no error under the explanation of the court, in the admission of the testimony and in any event, in view of the fact that the watch was found in the possession of Steiner, to whom appellant said he had given it, that the court did not err in admitting such testimony. It seems to be well settled that testimony and declarations made under arrest, are admissible where they inform as to where the fruits of the crime are, or disclose matters which lead to the discovery of same.

3. Again, it is objected that the court erred in not charging the law as to burglary committed with the intent to commit a theft of the separate property belonging to Mrs. Otto Miller, the wife of Otto Miller, the alleged owner and occupant of the house, in this: That the testimony showed that the watch that was missing from the house and which was identified upon the trial, was the separate property of Mrs. Miller, that had been acquired by her before her marriage to Otto Miller; that it was used exclusively by her as a personal adornment, and that it was not used by the said Otto Miller for any purpose. In other words, the contention is that the possession and want of consent should have been alleged in Mrs. Miller and not her husband. Article 445 of our Code of Criminal Procedure, is as follows: "Where one person owns the property, and another person has the possession, charge, or control of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs. Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband. Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact." In the case of Kaufman v. State, 53 Texas Crim. Rep.; 109 S. W. Rep., 172, we held that in a prosecution for the theft of a ring which was the separate property of a wife, but was at the time of theft in a box belonging to the husband in a room occupied by both, the ownership thereof was property alleged in the wife. The earlier cases of Coombes v. State, 17 App., 258, and Miles v. State, 51 Texas Crim. Rep., 587; 103 S. W. Rep., 854, were cases where it was required that the ownership of the property must be alleged in the husband. It must be remembered that the statute, in case of theft, in respect to the separate property of the wife, provides that the possession may be alleged in either the husband or the wife. The effect of the Kaufman case was to give that statute effect and to recognize the rule of pleading therein laid down. The house entered was subject to the control and domination, and by law, committed to the management of the husband. He was the head of the family; the lord of the manor, and it undoubtedly was proper to allege that such entry was without his consent and that

the property stolen was taken from his possession. Indeed, in such case we doubt if it would have been proper at all to have made these allegations with respect to the wife.

4. Complaint is made of section 3 of the court's charge quoted above. The ground of the objection is that such paragraph is not intelligible to a mind not trained in the law, and that the instruction therein contained is stated in such an abstract way that the jury would not likely understand the full meaning thereof and would not probably apply same correctly to the facts in the case. We find ourselves unable to agree with the criticism of the learned counsel. The paragraph seems to apply the law of the case to the facts in evidence in such a way as to fairly present the matter to the jury, under such limits and restrictions as to safeguard every right of the appellant.

5. Complaint is made of the following portion of the court's charge: "You are instructed that the indictment in this case, having charged that the burglarious entry was made by force in the daytime, with intent to commit the crime of theft, before you would be warranted in finding the defendant guilty. You must be satisfied from the evidence, beyond a reasonable doubt, that the entry was so made in the daytime by force directly applied to the house, and with the intent to commit the specific crime of theft." This charge is not complained of except that as it appears in the transcript, and evidently as originally written there is a period after the word "guilty," and the next portion of the sentence, beginning with "you," is commenced with a capital. Being so written, it is complained that this portion of paragraph one is unintelligible and does not charge the law and it is calculated to confuse and mislead the jury. That the punctuation of this charge is not in accordance with the accepted rules, is evidenced by an inspection of it, but that an ordinary jury, not trained to the niceties of punctuation, would or could possibly be misled by an otherwise unquestionably correct charge, we can not believe. We think the complaint is hypercritical and without substantial merit.

5. It is insisted finally that the verdict of the jury and judgment of the court are unsupported by the evidence. We have carefully examined the statement of facts and, to our minds, the evidence is not only sufficient but overwhelming and absolutely conclusive, so conclusive indeed, as in our judgment not to admit of a doubt that appellant is guilty. Finding no error in the record, the judgment of the court below is hereby in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.