## JOE HUTSPETH v. THE STATE.

No. 4119. Decided June 14, 1916.

### 1.—Theft—Evidence—Property Found—Rule Stated.

Upon trial of theft of property found, there was no error in admitting testimony that defendant had no money before the alleged theft and shortly thereafter was spending money freely, although the money was not identified as that which was contained in the lost pocketbook. Following Armstrong v. State, 34 Texas Crim. Rep., 248, and other cases.

### 2.—Same—Sufficiency of the Evidence—Requested Charge.

Where, upon trial of theft, the evidence was sufficient to sustain the conviction, there was no error in refusing peremptory instructions to acquit the defendant.

### 3.—Same—Charge of Court—Requested Charge.

Where, upon trial of theft, the evidence showed that the State's witness had lost her pocketbook, containing money, which the defendant was seen to have picked up and quickly put into his pocket, and afterwards spent about the amount of money contained in said pocketbook, and other incriminatory facts, there was no error in refusing a requested charge to the effect that if the purse or contents did not contain any means of identification of the owner, to acquit the defendant; the court properly instructing the jury as to the law applicable to the facts.

### 4.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of theft, the court gave the proper charge on circumstantial evidence, there was no error in refusing a requested charge thereon, and the court's charge was not on the weight of the evidence. Following Reed v. State, 8 Texas Crim. App., 40, and other cases.

Appeal from the District Court of Nolan. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John J. Ford,* for appellant.—On question of court's charge on circumstantial evidence: Beaver v. State, 86 S. W. Rep., 1020; Beard v. State, 123 S. W. Rep., 147.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of identification of stolen property: Ables v. State, 177 S. W. Rep., 1161.

Upon question of proving financial condition of defendant: Garza v. State, 39 Texas Crim. Rep., 358; Perry v. State, 155 S. W. Rep., 263.

HARPER, JUDGE.—Appellant was convicted of theft, and his punishment assessed at two years confinement in the State penitentiary.

The facts would show that while Miss Edna Kelsey was shopping in the City of Sweetwater, while going from the Sweetwater Dry Goods store to Cox's jewelry store, she lost her pocketbook containing four $20 bills, a $10 bill, and some silver. She described the pocketbook, and Dave O'Connell says as he was passing along the street he saw a

pocketbook of this description, and thinking it was placed there to fool someone he kicked it on down the street; that after passing he saw appellant go and pick up the pocketbook and shove it quickly in his pocket. Bessie Dykes says she saw appellant that afternoon, and he showed her a $10 bill and some silver first, and gave her $12.50, but she returned it to him. That appellant also showed her some more money, and said it was $80, claiming that he had won it at a crap game. Afterwards he told her it had been paid to him by Mose Newman and he had saved it and kept it at the Palace drug store. Mr. Newman testified that he had paid appellant no money since January before (this occurring in April) and appellant had been trying to borrow money from him. The proprietor of the Palace drug store testified appellant had never kept any money at his drug store. Bob May testified to appellant, two days after Miss Kelsey lost her pocketbook, paying him $27.50 for a suit of clothes, and John R. Cox testified to appellant buying a watch and paying him $22.50 for the watch.

Appellant objected to Bob May, John R. Cox and Bessie Dykes being permitted to testify about appellant having this money in his possession, as it was not identified as the money lost by Miss Kelsey. It is the rule in a case of this kind that the State may prove the financial condition of the person on trial just before and just after the theft, if such proof would shed any light on the transaction. Armstrong v. State, 34 Texas Crim. Rep., 248, and cases cited in Branch's Ann. Penal Code, p. 1304.

Appellant requested peremptory instructions. The court did not err in refusing same, the evidence, in our opinion, being ample to sustain the conviction.

Appellant requested two special charges in which he asked the court to charge the jury "if the purse or contents did not contain any means of identification of the owner" to acquit appellant. We know of no authority announcing any such rule of law, and appellant cites none. The law governing a case of this kind was presented as favorably as he could expect in the third special charge given at appellant's request: "In order to constitute the finding of lost property theft, the intent to deprive the owner of his property, and to appropriate it to the taker's own use and benefit must have existed in the mind of the finder at the time he found such property and took possession of it, and if the fraudulent intent to deprive the owner of his property and to appropriate the same to the use and benefit of the finder did not exist at the time of the finding, no subsequent appropriation of such property by the finder would constitute theft. Now if you believe from the evidence that the lost money in question was found by the defendant, Joe Hutspeth, you are charged that you can not convict him of the theft of such money unless you believe beyond a reasonable doubt, that at the time of the taking, if in fact you find there was a taking, that defendant took such money with the fraudulent intent to deprive the owner of the use and benefit of the same and to appropriate it to his

own use and benefit, and in case you have a reasonable doubt as to the intention of defendant to so do you should acquit him."

The only other special charge requested was one in regard to circumstantial evidence. The court in his main charge gave a charge on circumstantial evidence, therefore it was unnecessary to give the charge requested on this issue. This charge, as given, is not upon the weight to be given the testimony, as contended by appellant. The charge as given is a full and fair presentation of the law as applicable to the evidence adduced. Reed v. State, 8 Texas Crim. App., 40; Robinson v. State, 11 Texas Crim. App., 403; Stepp v. State, 31 Texas Crim. Rep., 349; Wharton's Crim. Law, vol. 2, pp. 1363-1373; Branch's Ann. Penal Code, pp. 1351-1352.

The judgment is affirmed.

*Affirmed.*