## Nettie Peoples v. The State.

### No. 6392.   Decided November 2, 1921.

1.—Burglary—Community Property—Ownership—Variance.

Where, upon trial of burglary, the indictment charged the occupancy and control of the alleged burglarized premises in the wife, and the proof showed that the property was community property occupied by the wife, her husband, and their family, and that the husband was at home on the date of the alleged burglary, the court should have submitted the requested charge that an acquittal must follow because of a variance between the allegation and the proof.   Following Merriweather v. State, 33 Texas, 790, and other cases.

2.—Same—Stare Decisis—Rule Stated.

Unless this court be of opinion that some decision has been rendered and followed which is fundamentally wrong in principle, it prefers to adhere to the doctrine of stare decisis, rather than attempt to overturn a settled line of decisions and change what has been recognized for many years as a rule of law.

3.—Same—Charge of Court—Definition of Burglary by Firearms—Entry.

Where it was alleged that defendant's intent in firing into the house was to commit a felony, as required under article 1303, Vernon's P. C., but the court charged the jury to find defendant guilty if he discharged a firearm into a house with intent to injure the occupant, the same was reversible error, as Article 1307, Vernon's P. C., relates solely to the question of what is meant by "entry," and no intention therein appears to create a new definition of burglary.   Following Miller v. State, 81 Texas Crim. Rep., 238, and other cases.

Appeal from the Criminal District Court of Harris.   Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Green & Boyd,* for appellant.—On question of ownership: Jones v. State, 47 Texas Crim. Rep., 126; Lucas v. State, 36 id., 397.

On question of definition of offense; cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.—Cited: Bailey v. State, 58 Texas Crim. Rep., 1.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District Court of Harris County of the offense of burglary, and her punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charged the occupancy and control of the alleged burglarized premises in Ida Myricks.   The proof showed that the

property was community property occupied by Ida Myricks, her husband and their family, and that the husband was at home on the date of the alleged burglary. Appellant asked a special charge instructing the jury that if the property was community property and the proof showed same to be in the actual occupancy and control of the husband, that an acquittal must follow because of a variance between the allegation and the proof. The special charge was refused. While there may be some ground for question under Article 457, Vernon's C. C. P., as to whether or not occupancy and control may be alleged in the wife when the premises are community property, still it has been so often decided in accordance with appellant's contention that it must be regarded as the settled law of this State. As early as Merriweather v. State, 33 Texas, 790, the Supreme Court then having jurisdiction in criminal appeals, held that the ownership of community property must be alleged to be in the husband. This seems to have been universally followed since, and the same doctrine seems to be held to apply to burglary cases. Lucas v. State, 36 Texas Crim. Rep. 397; Jones v. State, 47 Texas Crim. Rep. 126; Smith v. State, 53 Texas Crim. Rep. 643; Greenwood v. State, 84 Texas Crim. Rep. 551. Unless we be of opinion that some decision has been rendered and followed, which is fundamentally wrong in principle, we would prefer to adhere to the doctrine of stare decisis rather than attempt to overturn a settled line of decisions and change what has been recognized for many years as a rule of law. Appellant's special charge submitting said issue should have been given, and if the jury found that the property was community property and in the actual care and control of her husband, an acquittal should have been directed.

The case would have to be reversed for another error. The trial court erred in refusing appellant's special charge No. 2, which was as follows:

"Gentlemen of the Jury: At the request of the defendant you are instructed as follows:

That in order to convict the defendant of burglary, as charged in the indictment, it develops upon the State to satisfy your mind beyond a reasonable doubt that the defendant discharged a firearm, to-wit: a rifle, into the house of Ida Myricks, with the specific intent then and there with malice aforethought to kill the said Ida Myricks, and that said Ida Myricks was at the time said rifle was discharged in said house.

Refused, C. W. Robinson, Judge."

In this connection it will be observed that the allegation in the indictment was, that appellant discharged a fire-arm, to-wit: a rifle, into the house of Ida Myricks with the intent to commit a felony, to-wit: . . . with the intent then and there with malice aforethought to kill Ida Myricks, etc. This sufficiently charged the offense of burglary inasmuch as it alleged that appellant's intent was

to commit a felony, but an examination of the charge of the trial court discloses that the jury were there told that if one discharge a fire-arm into a house *with intent to injure* the occupant, he or she would be guilty of burglary, and that if appellant discharged a rifle into the dwelling house of Ida Myricks, without her consent and *with intent to injure* the said Ira Myricks, she should be adjudged guilty of a felony.

Burglary can only be committed in this State by entry into a house with intent to commit a felony or theft. Art. 1303, Vernon's P. C. Art. 1307, id., relates solely to the question of what is meant by *entry,* and no intention therein appears to create a new definition of burglary. Discharge of fire-arms into a house without intent to commit a felony or a theft, would not be burglary under our statutes. The subject is ably discussed by Judge Davidson in Miller v. State, 81 Texas Crim. Rep. 238, which is approved by Judge Morrow in Nalls v. State, 87 Texas Crim. Rep. 83. The trial court in this case having nowhere made appellant's conviction depend upon her intent to commit a felony by the act charged, and the special charge referred to having called the court's attention to this omission and sought to correct same, its refusal would be error for which a reversal should be had, and it is so ordered.

*Reversed and remanded.*