Mamie Sessions v. The State.

No. 8874.    Delivered April 15, 1925.

Rehearing denied June 24, 1925.

1.—Theft—Ownership of Property—Of Husband and Wife—Husband is Owner.

Where stolen property is owned by the husband and wife jointly as community property, and where the spouses are living together, the ownership should be laid in the husband:   Following Wilson v. State, 3 Tex. Crim. App. 209 and other cases.  In exceptional cases, as where the spouses are not living together, or where the husband is absent, it has been permissible to lay the ownership in the wife.  See Miles v. State, 51 Tex. Crim. Rep. 587 and other cases.

2.—Same—Of Lost Property—Intent—Ownership.

Where the evidence discloses the theft of lost property, the property is in the constructiive possession of the real owner.  Conceding the property to be lost property, the finder of it, must at the time of the taking have the intent to steal it.  In the absence of a requested charge, the evidence of intent in the instant case is held sufficient.  See Branch's Ann Tex. P. C. Sec. 2499.

ON REHEARING

3.—Same—Charge of Court—Not Excepted to—No Error Presented.

While it is true that in the instant case a charge on theft of lost property may have been more appropriate, in the absence of any exception to the charge as given, and no requested instruction, there is no error presented.

Appeal from the District Court of Panola County.   Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of theft; penalty, two years in the penitentiary.

The opinion states the case.

Long & Strong, for appellant.

Tom Garrard, State's Attorney, and Grover C. Morris, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is theft; punishment fixed at confinement in the penitentiary for a period of two years.

According to the testimony of Lake, after collecting $140.00 in money, he handed it to his wife with the request that she call his attention to it on his first trip to town so that he might take the money with him and deposit it in the bank.  She placed the money in a little sack and pinned it to her dress, where she kept it for a week or more.  The appellant, a negro woman, did not live at the

home of Lake but came there and did the washing for his family. She came to his home upon a certain day, took the soiled clothes to another place and washed them. During the day, Mrs. Lake missed the money. She went immediately to the field where her husband was working and told him about it. He went to the appellant and taxed her with taking of the money. After calling upon him to describe it, appellant conducted him to the bed in her house where she revealed the money under the cover. In her testimony the appellant explained the possession of the money with the statements that just as she had completed the washing, she noticed a sack containing money floating on the water in the tub and took it home with her.

The indictment was found under Art. 1329 of the Penal Code and charged the taking from W. C. Lake without his consent. Upon this theory the jury was instructed in the charge of the court against which there were directed no objections.

It is insisted, however, that the conviction should not stand for the reason that the ownership of the money was not in Lake but in his wife; that it was in her possession and that the care, control and management of it was in her.

Reference is made by the appellant's counsel to many cases discussing the subject of ownership in cases of theft, notably the early case of Frazier v. State, 18 Texas Crim. App. 434, in which the announcement is definitely made that by ownership in cases of theft, as referred to in the statute, is meant the person who has possession of the property as well as its care, control and management. The principles, however, controlling in the present case are those which have application to theft of property of the husband and wife. Without going into a discussion of the reasoning upon which the decisions are founded, from the precedents in this State the rule is deduced that where the stolen property is owned by the husband and wife jointly as community property; and where the spouses are living together, the ownership should be laid in the husband. Wilson v. State, 3 Texas Crim. App. 209; Merriweather v. State, 33 Texas Crim. Rep. 790; Lucas v. State, 36 Texas Crim. Rep. 397; Jones v. State, 47 Texas Crim. Rep. 126; Branch's Ann. Tex. P. C., Sec. 2438, subdivision 3. See also Greenwood v. State, 84 Texas Crim. Rep. 548; Peoples v. State, 90 Texas Crim. Rep. 236

In exceptional cases as where the spouses are not living together or where the husband is absent, it has been held permissible to lay the ownership in the wife. See Miles v. State, 51 Texas Crim. Rep. 587; Lane v. State, 69 Texas Crim. Rep. 65; Childress v. State, 241 S. W. Rep. 1039.

The suggestion is made in the brief that the circumstances under which the property came into the possession of the appellant bring

it within the rule applicable to the theft of lost property. Even if this be conceded, we fail to perceive its advantage to the accused in the present case. So far as the matter of ownership is involved, that of lost property is in the constructive possession of the real owner. Martin v. State, 44 Texas Crim. Rep. 538; Greenwood v. State, 84 Texas Crim. Rep. 548. As applied to the present case, the real ownership was in W. C. Lake and his wife, and the proper averment was to lay the ownership in W. C. Lake. Conceding the property to be lost property, the finder of it, in order to be guilty of theft, must at the time of the taking have had the intent to steal it. See Reed v. State, 8 Texas Crim. App. 42, and numerous other cases collated in Branch's Ann. Tex. P. C., Sec. 2499. In the present case, the facts are not wanting to support such a conclusion, and there was no request for a charge bringing to the attention of the jury more specifically the necessity of proof of such intent.

We find no error, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The evidence shows that the money was in the clothes which Mrs. Lake delivered to appellant to wash. There is nothing to indicate that appellant knew of the presence of the money at the time she received the clothes but is all to the contrary. She carried the clothes to the residence of a daughter of Mrs. Lake, and while there washing them discovered the money in the sack floating in the wash tub. It is contended that the money came into appellant's possession lawfully and that no subsequent intent to appropriate it would constitute theft. If there was a "fraudulent taking" of the money in contemplation of the statute denouncing theft (Art. 1329, P. C.), it did not occur when the money was delivered to appellant in the laundry, because appellant knew nothing of its presence, therefore could have entertained at the time no intent with reference to it one way or the other. The "taking" of the money occurred when she discovered its presence in the wash tub. If, upon finding the money, appellant took possession of it with the intent then to defraud the owner of it and to appropriate it to appellant's own use, it would be theft. If the intent to steal did not exist at the time the money was discovered and taken by appellant, no subsequent intent to steal it would make the taking upon its discovery theft. Reed v. State, 8 Texas Crim. App. 42; Robinson v. State, 111 Texas Crim. App. 409; Landreth v. State, 53 Texas Crim. Rep. 556, 110 S. W. Rep. 905, and many other cases collated under Sec. 2499, Branch's Ann. P. C. We cannot agree with

appellant that the facts do not support a finding of guilt under the principles just stated. When Mrs. Lake missed the money, she reported it to her husband. When he accosted the appellant about it, she told him she knew nothing about the money that if she had gotten it she would have given it to his wife or daughter. She continued to deny knowledge of the money for more than an hour, until finally she took Lake to her home and from the middle of the bed she got the money and delivered it to him.

It is urged that the conviction should not be permitted to stand because the court submitted the case upon a charge applicable to theft generally and not as to theft of lost property. The charge would have been more pertinent under the facts if it had embraced the latter idea, following the charge approved in Hutspeth v. State, 79 Texas Crim. Rep. 650, 187 S. W. Rep. 340. We would note, however, that no objection-was made to the charge as submitted and no special charges upon this or any other subject were requested.

It is asserted that if the announcement in Miles v. State, 51 Texas Crim. Rep. 587, 103 S. W. Rep. 854, is the law and to be followed, the facts of this case do not support the allegation of possession in Mr. Lake, but show possession in Mrs. Lake. We think a clear distinction exits between the Miles case and the present one. The facts in the Miles case were as follows: Mr. Schumucker had telephoned his wife to bring his pocket book to him; she stopped on the way to do some shopping, leaving the pocket book in the car; Miles stole it from the car. It was held that under those facts ownership and possession were properly alleged in the wife. The property was taken from her actual possession. Not so in the present case. Mrs. Lake had surrendered actual possession of the money to appellant, unwittingly it is true, but a fact nevertheless, but a fact not known to appellant until she discovered the money in the tub. Where property belonged jointly to the husband and wife is stolen, ownership and possession ordinarily may be alleged in the husband. (See authorities cited in original opinion). When the theft of such property occurs at a time when it is lost and is in the actual possession of neither the husband nor the wife, we think ownership may be properly alleged in the husband, he being in constructive possession thereof.

The motion for rehearing is overruled.

*Overruled.*