## W. A. TURNER v. THE STATE.

No. 22162. Delivered June 17, 1942.

The opinion states the case.

*C. S. Farmer,* of Waco, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Burglary is the offense; the punishment, five years' confinement in the State penitentiary.

That the building in which Mrs. J. O. Bronaugh and her husband conducted a mercantile business was burglarized on the night of September 27th, 1941, is shown by the testimony of Mrs. Bronaugh. Appellant's guilty connection with, and participation in, the burglary is shown by his confession.

The occupancy and control, that is, ownership, of the building is alleged to be in Mrs. Bronaugh. Appellant insists that the facts do not support that allegation because Mrs. Bronaugh was a married woman living with her husband at the time, and that ownership should have been alleged to have been in the husband. As touching this issue, Mrs. Bronaugh testified as follows:

"My name is Mrs. J. O. Bronough. I am the wife of J. O. Bronough and live with my husband at Prairie Hill, Texas, where we operate a store. On or about Sep. 27th, 1941, our store was burglarized and some articles of merchandise stolen. The store was entered by breaking the back door of the store which door was closed at the time. The door was broken during the night time. This happened in Limestone County, Texas. I did not give my consent or permission for the defendant, W. A. Turner or any one else to break into the store or take any property therefrom."

This comprises the whole of the testimony on the subject.

It is appellant's contention that such testimony is insufficient to show ownership of the burglarized premises to be in the wife.

Art. 402, C. C. P., touching allegation of ownership of property in criminal matters, reads as follows:

"Where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them. When the property belongs to the estate of a deceased person, the ownership may be alleged to be in the executor, administrator or heirs of such deceased person, or in any one of such heirs. Where it is the separate property of a married woman, the ownership may be alleged to be in her, or in her husband. Where the ownership of the property is unknown to the grand jury, it shall be sufficient to allege that fact."

Under this Article, it has been the uniform holding of this court that, if the property is the community property of husband and wife, and if they are living together, ownership thereof should be alleged to be in the husband. Merriweather v. State, 33 Tex. 790; Lucas v. State, 36 Tex. Cr. R. 397, 37 S. W. 427; Jones v. State, 47 Tex. Cr. R. 126, 80 S. W. 530; Smith v. State, 53 Tex. Cr. R. 643, 111 S. W. 939; Greenwood v. State, 84 Tex. Cr. R. 548, 208 S. W. 662; Peoples v. State, 234 S. W. 394, 90 Tex. Cr. R. 236. To call for the application of this rule in the instant case would, of necessity, require a finding that the business or property was community property. This we are unable to agree as being authorized under

the facts. Whether property is community property depends, primarily, upon the the marital status at the time of its acquisition. The facts here relied upon do not show when the parties were married or when the property was acquired. But, the mere fact that the property is not shown to be community property does not establish it as the separate property of the wife. So, the necessary construction to be placed upon the facts is that the testimony does not show the character of the property; that is, whether it was the community property of the husband and wife, or was the separate property of either.

The question next presented is whether the ownership of the property is authorized to be alleged to be in the wife, under that provision of Art. 402, C. C. P., which reads as follows: "Where property is owned in common, or jointly, by two or more persons, the ownership may be alleged to be in all or either of them."

To give this provision effect merely because the joint owners are husband and wife would be to destroy the above mentioned rule requiring that ownership of community property must be alleged to be in the husband. Hence, this provision of the statute applies ordinarily to partnerships and to joint owners of property not coming under the community property rule mentioned. Moreover, as a general rule, a wife cannot enter into a partnership in a mercantile business with her husband or with anyone else. Wright et al v. State, 71 S. W. (2d) 352, and authorities there cited.

When the State elected to allege the ownership of the burglarized premises to be in the wife, it assumed the burden of making proof of facts sufficient to authorize such allegation. The conclusion is reached that the facts here presented are insufficient to discharge that burden.

The judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.