WILSON HARRISON v. THE STATE.

No. 23449. Delivered November 13, 1946.
State's Motion for Rehearing Granted January 29, 1947.
Appellant's Motion for Rehearing Denied March 26, 1947.

*L. H. Welch,* of Breckenridge, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction on a charge of cattle theft with a penalty of two years in the penitentiary.

On Sunday February 10th, 1946, appellant purchased some cattle and delivered them to a sales barn in the town of Breckenridge, which was operated by P. K. Ballard. He had other cattle there and, after weighing the cattle and figuring the amount of his purchase, he paid for them. At about five o'clock in the afternoon he left for Fort Worth in company with his brother-in-law, who did the driving of the truck. The evidence is without dispute that appellant had been drinking during the day and was under the influence, to some extent, of intoxicating liquor at the time he loaded the cattle and drove away.

Five head of cattle belonging to Ballard were loaded in the truck with others belonging to appellant who, at the same time, left four head of his cattle and one belonging to his father in the Ballard sales barn. There is no material conflict in any of the evidence in the case as between the State and the defense.

When appellant reached Fort Worth he discovered three head of cattle being unloaded from the truck that belonged to Ballard. He said nothing about it, however, and consigned the entire load to Keen & Son, commission brokers, for sale. Customarily they would go on the market early Monday morning. Appellant went to a hotel, spent the night, and early the next morning left on the return trip to Breckenridge. On the way home he took on a load of posts at Palo Pinto which he had promised to take to Ballard.

Early Monday morning Ballard discovered that his five head of cattle were missing and, upon inquiry, learned that appellant had taken the load of cattle to Fort Worth. He called the sheriff and together they went to Fort Worth and found the cattle in the pens unsold. Ballard returned to Breckenridge and went to see appellant. Upon the approach of Ballard, appellant voluntarily admitted that he had loaded Ballard's cattle and said he was drunk and did so through mistake, thinking they were the cattle which he had purchased that day, and offered to make restitution or return the cattle.

When appellant returned from Fort Worth he was sick and had to go to bed. He sent his wife to the sheriff's office to request the sheriff to come to see him. No explanation was made by her at the office, however, as to the purpose of his wanting the sheriff.

It is without question that appellant loaded the cattle in his truck while a number of people were in and about the yards. He purchased one head from another party while he was loading, and took it with the rest to Fort Worth. In company with others, he had a restaurant keeper near the barn to make coffee and they drank it. There is no indication of any secretiveness in the loading of the cattle. The yearlings which he left were steers and were, according to the evidence, of greater value than the cows which he took away. The only similarity developed by the evidence between the cattle taken and those left was that they were "bald-faced."

The theory of the defense was that the appellant was drinking and took the cattle by mistake without having any intention to deprive the owner of the value thereof. The sufficiency of the evidence to support a conviction is challenged and several contentions are presented with reference to the court's charge.

A sharp question of fact arises, based on the view which the jury may take of the undisputed evidence, as to whether or not appellant loaded the cattle with the knowledge that they belonged to Ballard or with such recklessness that he could not be said to have exercised due care. If he exercised proper care in selecting the cattle he loaded and did not discover his mistake until he reached Fort Worth, he would, under the facts of the case, not be guilty of the theft of the cattle in Stephens County and the District Court of Stephens County would not have jurisdiction of the case.

Appellant testified that he did not know he had Ballard's cattle until he reached Fort Worth, but he makes no excuse for his failure to properly handle the cattle after he discovered his mistake. The jury is not obligated to accept his testimony, but may consider the same, together with all the surrounding circumstances, in reaching their conclusion as to whether or not the theft took place in Stephens County as alleged.

Timely objection was made to the charge of the court on the ground it did not affirmatively submit his defensive issue. It

was the province of the jury to pass on the fact, but the accused was entitled to have it submitted. The defendant was entitled to an affirmative charge that if the jury should find and believe from the evidence that the defendant discovered for the first time at the stock yards in Fort Worth that he had taken cattle belonging to the prosecuting witness, P. K. Ballard, and that he did not have a fraudulent intent to steal said cattle at the time they were loaded, in Breckenridge, even though he formed the design or intent to convert the cattle to his own use and benefit and deprive the said Ballard of the same after he discovered his error at Fort Worth; still, in that event, the jury would not be warranted in convicting the defendant under the indictment in this case.

It is clear from the objections lodged against the charge that appellant was apprising the court that if for the first time he discovered at Fort Worth in Tarrant County he, by mistake, had some of Ballard's cattle he could not be guilty of stealing them in Stephens County. If, when appellant loaded the cattle in Stephens County, he by mistake included five head of Mr. Ballard's cattle, not knowing he had them, he could have entertained no intent one way or the other regarding them. If, when he discovered the mistake in Fort Worth he, upon such discovery, then formed the intent to appropriate the cattle to his own use and benefit and deprive Mr. Ballard of the value thereof the theft, that is the fradulent taking, occurred in Tarrant County and prosecution would not lie in Stephens County. The principle involved is the same as applies where lost property is found and appropriated. See Sessions v. State, 101 Tex. Cr. R. 40, 274 S. W. 580; Martinez v. State, 16 Tex. App. 122; Robinson v. State, 11 Tex. App. 403; Branch's P. C. Sec. 2499.

The jury in some appropriate instruction should have been informed of when a "taking" would occur if the circumstances existed as indicated, because this was an affirmative defense as against conviction under the present indictment.

For the failure to give the charge affirmatively submitting the defensive issue, the judgment of the trial court is reversed and the cause is remanded.

ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

On original submission we found but one troublesome ques-

tion, which is based on the contention that appellant did not have his defense submitted to the jury by a proper affirmative charge. This question was considered by all members of the court and the original opinion expressed the view of each at the time. The question admittedly is a close one. Whatever doubt may exist in the minds of the members of the court properly should be resolved in favor of appellant. After further consideration of the question, however, we have concluded that the charge submitted was sufficient. From it we quote the following:

"You are charged that if you believe the defendant, Wilson Harrison, took the cattle belonging to P. K. Ballard, if you find that he so acted under a mistaken belief that they were his cattle, or those of his and his father's, in good faith, believing the cattle were his own property, or those of himself and his father, and such belief did not arise from want of proper care on his part, or if you have a reasonable doubt as to whether or not he acted under such mistake, you will acquit the defendant and say by your verdict 'not guilty'."

"To constitute theft, the fraudulent intent must have existed at the time when the property was taken.

"You are charged that if you entertain a reasonable doubt as to whether at the time the defendant took the cattle belonging to the prosecuting witness, P. K. Ballard, if he took them, he did so with the intent to deprive the owner of the value of the same and to appropriate the same to the use and benefit of the defendant, then you will acquit the defendant and say by your verdict, 'not guilty'."

In the opinion of the writer, it is immaterial as to what took place in Fort Worth. The jury was definitely instructed that they must find the intent in the mind of the accused "at the time when the property was taken." The jury could not have misunderstood that this charge referred to the loading of the cattle in Breckenridge. As so construed his defensive issue was affirmatively submitted, and we think the case should have been affirmed.

The State's motion for rehearing is granted. The order reversing the case is withdrawn and the judgment of the trial court is now affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

If appellant took possession of the five head of cattle at

Breckenridge in Stephens County, under the mistaken belief that they were his cattle, such a taking would not constitute theft. If, after arriving at Fort Worth, appellant discovered his mistake and then fraudulently converted the cattle to his own use and benefit, he would be guilty of the theft thereof. Such offense, however would have been committed in Tarrant County and not in Stephens County.

Under such rules, as well as the facts here presented, appellant was entitled to have the jury instructed in an affirmative manner that a conviction could not be had in Stephens County for the theft, if any, that occurred in Tarrant County.

The original reversal of this conviction was predicated upon our conclusion that appellant had not been accorded the benefit of such an instruction. Upon consideration of State's motion for rehearing, we concluded that charge of the court wherein appellant was accorded the full benefit as to a taking under a mistake of fact of the five head of cattle was sufficient to protect appellant's rights before the jury.

We are further fortified in the correctness of this conclusion, by reason of the fact that appellant claimed that only three head of cattle were discovered at Fort Worth as having been mistakenly taken by him. This left two head of cattle in his possession at Fort Worth not claimed by him to have been innocently taken. So then, there were two head of cattle that appellant was shown to have taken into his possession in Stephens County and not claimed by him to have been discovered as not belonging to him at Fort Worth.

Under such circumstances, the instruction of the trial court, as mentioned, was sufficient.

Appellant's motion for rehearing is overruled.

HAWKINS, Presiding Judge, absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.