## HOOD BUNDAGE V. STATE.

No. 24152. November 3, 1948.
Rehearing Denied December 15, 1948.

Hon. O. L. Parish, Judge Presiding.

*Clyde Vinson*, of San Angelo, for appellant by appointment of court.

*O'Neal Dendy*, District Attorney, of San Angelo, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with the offense of obtaining money on a worthless check, with further allegations of two previous convictions. Upon his conviction therefor, he was given a term of four years in the state penitentiary.

It was shown by the proof that appellant entered the store of Amunda Figueroa in San Angelo, Texas, and purchased a package of cigarettes. He presented in payment therefor a check on the First National Bank of that city, payable to Figueroa's Food Market, for $7.80. Mr. Figueroa took the check and told his wife, Flavia Figueroa, to cash it, which she did, giving appellant $7.60 and the cigarettes. It appears that appellant had no account in the bank upon which the check was drawn.

The State charged appellant with having defrauded Mrs. Flavia Figueroa. The testimony of the State showed that Amunda Figueroa and his wife were married, were living together, and that they both owned the store. In other words, the property acquired by appellant was the community property of Mr. and Mrs. Figueroa. Under these facts, the ownership of such community property should have been alleged to be in Amunda Figueroa and not in his wife. See Merriweather v. State, 33 Tex. 790; Jones v. State, 47 Tex. Cr. R. 126, 80 S. W. 530, 122 Am. St. Rep. 680; Sessions v. State, 101 Tex. Cr. R. 40, 274 S. W. 580; Walton v. State, 145 Tex. Cr. R. 521, 170 S. W. (2d) 224; Turner v. State, 144 Tex. Cr. R. 359, 163 S. W. (2d) 205, and cases cited, especially in the Turner case, supra.

On account of the failure of the proof to correspond with the allegations, the judgment is reversed and the cause remanded.

### ON STATE'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The Honorable O'Neal Dendy, District Attorney, has filed a motion for rehearing in which he relies on Miles v. State, 103 S. W. 854, as authority for his contention that ownership was properly laid in Mrs. Figueroa.

The facts of the Miles case are quite different from the instant case. Amunda Figueroa and his wife owned and operated a food market in San Angelo. Appellant went into this store and gave his check to the husband who testified: "At the time I took the check for the defendant I was pretty busy; we were all busy at the time; so I just handed the check to my wife to give change and that is how the wife got mixed up in this, she just give the change. * * * I told my wife to check him out and handed her this check, and she did."

In the Miles case the husband lived some distance from his store. Upon reaching it in the morning, he discovered he had left his pocketbook with his money under his pillow and he phoned the wife to bring it to him. She started to his store with the purse in her possession but was delayed on the way by a rain. She stopped at another store where Miles worked and intrusted him to hitch the horse and look after the buggy. She left the purse under the seat of the buggy and discovered later that it was missing. The jury found appellant guilty of the theft of the purse. The court held that the indictment properly alleged

ownership in the wife, but, in discussing the authorities, observed that this case was distinguishable from the facts in other cases because the purse was at the time in the exclusive care, control, and management of the wife. The Court said, "This was community property, and, had the husband been present, the ownership should have been alleged in the husband. But here they were not together. The wife had possession of the property. It was under her control and management. * * * and we are of the opinion that in the absence of her husband, with the exclusive control of the property in her, it was proper to allege the property in her."

The quotation of the testimony in the instant case clearly distinguishes it from the Miles case. We think the Miles case is authority for the reversal of this case.

The State's motion for rehearing is overruled.