## A. J. WILLIAMS V. STATE

No. 26,866. April 21, 1954
Rehearing Denied June 2, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 23, 1954

*Burt Barr,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Tom B. Solomon* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was tried before the court without a jury for the offense of misdemeanor theft and, upon conviction, his punishment was assessed at thirty days in jail.

The complaint and information alleged that appellant unlawfully took "$40.00 in U.S. Currency" from C. L. Walker in Dallas County, Texas.

C. L. Walker testified that he had his billfold containing between forty and forty-five dollars in money about 8:30 P.M. on July 12, 1953, while travelling on a train from Houston to Dallas; that he later missed his billfold and was unable to find it. He identified a billfold at the trial as being the one he lost on July 12, 1953, which was marked State's Exhibit No. 1.

The testimony of Leon Devine King shows that on July 12, 1953, he was employed by the railroad dining car department, and that he had left Houston on a train which passed through Waxahachie about 8:10 or 8:15 P.M. and arrived in Dallas around 9 P.M.; that appellant was a waiter on this train and as he left the train in Dallas, appellant gave him a pocketbook and said "Throw it away," which pocketbook looked like the one exhibited to him at the trial; that the billfold contained some papers but no money; that he gave the billfold to Erline Smith.

The testimony of Henry L. Harrison, a Special Texas Ranger, shows that on July 25, 1953, he talked to appellant about a billfold and took a written statement from him concerning it. This statement was introduced in evidence and was, in part, as follows:

"On July 12, 1953, I was working on train 508 as No. 2 Waiter. Just before we arrived at Dallas, Texas, I found a billfold on the floor of the dining car, I took the billfold to the hallway and removed the money from it, the amount removed was $40.00, all in bills, on arrival Dallas I gave the billfold to Leon King who was 2nd cook on the diner and told him to throw it away. After we left Dallas I went to the Dormitory car and was up in my bunk when the Steward came and asked if any-

one had found a billfold on the diner. I was scared to say anything about it because I had already taken the money and the billfold was not on the train."

Harrison further testified that he recovered a billfold from Erline Smith in Dallas, which he identified as State's Exhibit No. 1.

Appellant did not testify and offered no evidence.

Appellant contends that the facts herein do not constitute the offense of theft but the offense of theft by bailee.

The evidence reveals that numerous personal papers, including Walker's "drivers license," in the billfold gave evidence of and reasonable means of ascertaining the owner of same.

If at the time property is found the finder forms the intent to appropriate it, and does so, knowing and believing that the owner can be found, he is guilty of theft. Sessions v. State, 101 Texas Cr. R. 40, 274 S.W. 580; Branch's Ann. P.C., Sec. 2499; and 41a Texas Jur. 83, Sec. 71.

The court resolved the issue of intent to appropriate against appellant, and we conclude that the evidence is sufficient to support said finding.

It is insisted that the currency in question was lost and was not in the possession of C. L. Walker, therefore the proof does not sustain the allegations in the information. Lost property is in the constructive possession of the real owner until reduced to possession by another person. Thus, under the facts of this case, no error is shown in alleging ownership in C. L. Walker. 41a Texas Jur. 75, Sec. 59.

Appellant contends that the evidence is insufficient to show that the offense alleged occurred in Dallas County.

Art. 197, C.C.P., provides that "Where property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried it." The testimony shows that appellant gained possession of the property in either Ellis or Dallas County, and, if in Ellis County, then he carried it into Dallas County. We find the evidence sufficient to sustain venue in Dallas County.

The evidence is sufficient to sustain the conviction.

The judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

DAVIDSON, Judge.

Appellant presses upon us the correctness of his contention that the facts do not warrant his conviction and that we erred in reaching a contrary conclusion.

It is insisted that there is no evidence showing that at the time he found the purse he had any intention of appropriating its contents and that he could not be guilty of theft even though he thereafter formed the intent to appropriate and did appropriate the currency in the purse.

The fact that appellant made no effort to ascertain the owner of the purse, though it contained business cards, "driver's" license, and membership cards showing the name of the owner, and the further fact that appellant attempted to have the purse destroyed authorized the trial court's conclusion that appellant had the fraudulent intent to steal the property.

We remain convinced that a correct conclusion was reached originally.

Accordingly, appellant's motion for rehearing is overruled.

Opinion approved by the court.