**HALL v. STATE. (No. 10221.)**

(Court of Criminal Appeals of Texas. Oct. 13, 1926.)

Burglary ⊚⟿28(6).

Conviction for burglary will be reversed where it is undisputed that alleged burglarized premises did not belong to and were not in possession of person named in indictment as owner.

Appeal from Criminal District Court No. 2, Dallas County; C. A. Pippen, Judge.

Will Hall, alias Will Hart, was convicted of burglary and he appeals. Reversed and remanded.

J. Frank Wilson, of Dallas, for appellant.
Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is burglary; punishment was fixed at confinement in the penitentiary for a period of two years.

In the indictment it is charged that the appellant entered the house of M. A. Ector, by force and without his consent, with the intent to take from his possession certain personal property.

The sufficiency of the evidence is challenged. A recital of it is deemed unnecessary, further than to say that it was undisputed that the alleged burglarized premises did not belong to and were not in the possession of the person named in the indictment as the owner. The statute requires that the owner or possessor of the property be named in the

indictment, and, where property is in joint possession of the husband and wife, living together and occupying the same premises, the husband should be named as the possessor and owner. Under some circumstances, it is permissible to charge the ownership in the wife, but the facts in the present case do not come within the exceptions. See Peoples v. State, 90 Tex. Cr. R. 236, 234 S. W. 394, and numerous cases there cited.

The proof failing to correspond with the allegation, the judgment is reversed and the cause remanded.