## TEODORO GARCIA V. THE STATE.

### No. 11168.   Delivered December 14, 1927.

**1.—Burglary of a Private Residence—Indictment—Allegation of Owner-ship—Variance in Proof, Fatal.**

Where appellant was charged with burglary of a private residence occupied by Mrs. J. G. Snyder and her husband, J. G. Snyder, and the proof disclosed that the residence belonged to the husband; that he was the head of the family and had the care, control and management of the house, the variance was fatal.   The indictment should have charged occupancy and ownership in the husband.   See Hall v. State, 287 S. W. 244.

**2.—Same—Continued.**

"The statute requires that the owner or possessor of the property be named in the indictment, and where property is in joint possession of the husband and wife, living together and occupying the same premises, the husband should be named as the possessor and owner."

**3.—Same—Continued.**

There are circumstances, however, under which it is proper to charge ownership in the wife, but the facts of the present case do not bring it within any of the exceptions.

Appeal from the District Court of Cameron County.   Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for burglary of a private residence in the nighttime, penalty five years in the penitentiary.

The opinion states the case.

*Fausto Ytturia* and *Noble G. Cofer* of Brownsville, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary of a private residence at night, the punishment confinement in the penitentiary for five years.

The indictment charges that appellant entered the private residence of Mrs. J. G. Snyder at night by force, threats and fraud, with the intent to commit the offense of theft.

The sufficiency of the evidence is challenged.   It was undisputed that the burglarized residence was occupied, at the time of the burglary, by Mrs. J. C. Snyder and her husband, Albert Snyder; Mrs. Snyder testified that the house belonged to her husband; that he was the head of the family, and had the care, control and management of the house.

The proof fails to correspond with the allegation of occupancy and ownership.   The indictment should have charged occupancy and ownership in the husband.   In the case of Hall v. State, 287 S. W. 244, the rule is stated as follows:

"The statute requires that the owner or possessor of the property be named in the indictment, and, where property is in joint possession of the husband and wife, living together, and occupying the same premises, the husband should be named as the possessor and owner."

There are circumstances under which it is proper to charge the ownership in the wife.   The facts of the present case, however, do not bring it within any of the exceptions.

See Peoples v. State, 234 S. W. 394, and authorities there cited.

We do not deem it necessary to discuss the other matters complained of by appellant.

Because the proof fails to correspond with the allegation, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.