**Opinion filed November 19, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00326-CR

_____

## A.D. CROSS, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Taylor County, Texas**
**Trial Court Cause No. 1-997-17**

## M E M O R A N D U M   O P I N I O N

A.D. Cross, Jr. was charged by information with the offense of theft of more than $750 but less than $2,500, a Class A misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(3) (West 2019). The jury found Appellant guilty. The trial court assessed Appellant's punishment at confinement for ninety days and a fine of $500 and sentenced him accordingly. We affirm.

In his sole issue on appeal, Appellant claims that the evidence is insufficient to prove that he possessed the necessary intent to commit theft.

Sergeant Michael Baird, the street crimes supervisor with the Abilene Police Department at the time of the offense, testified for the State. Sergeant Baird testified that there had been complaints of theft at an H.E.B. in Abilene. In response, Abilene Police Department personnel conducted a "theft reduction initiative" or "bait operation" at that store on October 5, 2017.

Sergeant Baird and Agent Courtney Bailey, also with the Abilene Police Department, placed a purse owned by the Abilene Police Department in a shopping cart and placed the cart in the parking lot. They waited in an unmarked vehicle to see whether anyone would take the purse. The purse was a Michael Kors purse valued at approximately $200. The purse contained a wallet valued at approximately $10, a watch valued at approximately $239, a cell phone with GPS tracking capabilities valued at approximately $800, some papers, and a one-dollar bill inside the wallet. There was nothing in the purse that identified the owner.

About two minutes after they placed the purse in the shopping cart, Sergeant Baird and Agent Bailey saw Appellant drive up to the shopping cart, get out of his vehicle, take the purse, return to his vehicle, and drive out of the parking lot. Sergeant Baird and Agent Bailey discreetly followed Appellant as he drove out of the parking lot, made several turns, and parked alongside a curb. Sergeant Baird testified that it appeared to him that Appellant "was just sitting there going through the purse." After some time had passed, Appellant drove back to H.E.B.

After Appellant had returned to H.E.B., he parked and went in the store; he did not take the purse into the store. When he came out of the store, Appellant got back in his vehicle and left. Sergeant Baird testified that Appellant drove forty miles per hour in a thirty-mile-per-hour zone. Officer Brad Hambright, another officer with the Abilene Police Department, testified that he was on patrol on the date of the offense and received a call to stop Appellant because Appellant was speeding.

When Officer Hambright stopped Appellant, Officer Hambright saw a purse in the passenger-side floorboard. Sergeant Baird and Agent Bailey went to the scene of the traffic stop. Sergeant Baird testified that Appellant did not mention the purse but that, when asked about the purse, Appellant told them that he planned to return it. Appellant was arrested for theft, and his vehicle was searched. Although the officers found the purse in the passenger-side floorboard, the watch and the one-dollar bill that were originally in the purse were found in the driver's side door pocket. Sergeant Baird testified that he did not believe that Appellant's behavior was consistent with someone who intended to return the purse to its owner.

At trial, Appellant testified that he had gone to H.E.B. that day to run some errands and that he had heard a beeping sound coming from within the purse. He grabbed the purse and put it in his car, but he "was not even thinking about it" because he had other things to do. Appellant explained that he left H.E.B. the first time because he had received a text message that he was to pick up someone. Later, he received another message that the person did not need to be picked up, and he went back to H.E.B. to finish his errands. Appellant further testified that he did not intend to steal the purse. He did not mention the purse to the officers initially because he was not asked about the purse.

Appellant claims that the evidence was insufficient to prove that he intended to deprive the Abilene Police Department of its property. We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, we look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Wirth v. State*, 361 S.W.3d 694, 697 (Tex. Crim. App. 2012) (quoting *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits theft if the person appropriates property "without the owner's effective consent" and "with intent to deprive the owner of property." PENAL § 31.03(a), (b)(1). A person acts with intent "when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2011). The intent to deprive must exist at the time the property is taken. *Hutspeth v. State*, 187 S.W. 340 (Tex. Crim. App. 1916). In addition, no particular type of evidence is required to prove intent as "[d]irect and circumstantial evidence are equally probative." *Johnson v. State*, 560 S.W.3d 224, 226 (Tex. Crim. App. 2018). Indeed, the jury "may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused." *Edwards v. State*,

497 S.W.3d 147, 157 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)).

Sergeant Baird testified that he observed Appellant exit his vehicle, take the purse from the shopping cart, get back into his vehicle, and drive away. Although taking possession of the purse, when taken alone, might be considered consistent with innocent conduct, we do not find it unreasonable that a jury, under the circumstances of this case, would also consider Appellant's actions as evidence of an intent to deprive. This, coupled with the other evidence of Appellant's conduct after he took the purse, such as removing the watch and the money from the purse, when considered in the light most favorable to the jury's verdict, constitutes sufficient evidence of an intent to deprive at the time of the taking. Thus, we overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.

JIM R. WRIGHT
SENIOR CHIEF JUSTICE

November 19, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.